**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

**In re:**                                                    Case No.: 23-12102 (DSJ)

**ZIGI USA, LLC**                                             Chapter 11
                                   **Debtor**
------------------------------------------------------------------X

## ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the application (ECF Doc. No. 98) of Zigi USA LLC, Inc., the debtor and debtor-in-possession herein (the "Debtor"), by its attorney, Jacobs P.C., for an order, pursuant to Local Rule 3003-1 of the United States Bankruptcy Court for the Southern District of New York, (the "Local Rules") and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3003(c)(3), fixing a deadline and establishing procedures for filing proofs of claim and approving the form and manner of service thereof (the "Application"); and it appearing that the relief requested is in the best interests of the Debtor, its estate, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor; it is hereby

**ORDERED,** that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that assert a claim, as defined in § 101(5) of the Bankruptcy Code, against the Debtor that arose on or prior to the filing of the Chapter 11 petition on December 31, 2023, (the "Petition Date"), shall file a proof of such claim in writing so that it is received on or before **June 10, 2024, at 4:00 P.M.** Prevailing Eastern Time (the "General Bar Date"); and it is further

**ORDERED,** that except as otherwise provided herein, all governmental units that assert a claim, as defined in § 101(5) of the Bankruptcy Code, against the Debtor that arose on or prior to the Petition Date, shall file a proof of such claim in writing so that it is received on or before

**June 28, 2024 at 4:00 P.M.** Prevailing Eastern Time (the "Government Bar Date," together with the General Bar Date, the "Bar Date"); and it is further

**ORDERED,** that the following procedures for the filing of Proofs of Claim shall apply:

1.      Proofs of Claim must conform substantially to Form No. 410 of the Official Bankruptcy Forms;

2.      Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts for the CM/ECF system must file their proofs of claim by mailing or delivering the proof of claim by hand to the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, NY 10004;

3.      Proofs of Claim will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court on or before the Bar Date, as applicable;

4.      Proofs of Claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency; and it is further

**ORDERED,** that the following persons or entities need not file a proof of claim on or prior to the Bar Date:

1.  A person or entity that has already filed a proof of claim against the Debtor with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

2  A person or entity whose claim is listed on the Schedules if (i) the claim is

2

not scheduled as "disputed," "contingent," or "unliquidated" and (ii) such person or entity does do not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

3.      A holder of a claim that has previously been allowed by order of the Court;

4.      A holder of a claim that has been paid in full by the Debtor;

5.      A holder of a claim for which a specific deadline has previously been fixed by this Court; or

6.      A holder of a claim allowable under § 503(b) and § 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate; and it is further

**ORDERED,** that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the Bar Date or the date that is thirty (30) days after the date of the order authorizing such rejection, whichever is later, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a Proof of Claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED,** that holders of equity security interests in the Debtor need not file proofs of interest with respect to the ownership of such equity interests, provided, however, that if any such holder asserts a claim against the Debtor (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of such claim must

be filed on or prior to the Bar Date pursuant to the procedures set forth in this Order; and it is further

ORDERED, that if the Debtor amends or supplements the Schedules subsequent to the date of this Order, the Debtor shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded thirty (30) days from the date of service of the notice to file proofs of claim in respect of their claims or be barred from doing so, and shall be given notice of such deadline; and it is further

ORDERED, that nothing in this Order shall prejudice the rights of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

ORDERED, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

ORDERED, that a copy of the notice substantially in the form annexed hereto as Exhibit "A" and filed with this Court is approved and shall be deemed adequate and sufficient if served by first-class mail at least thirty-five (35) days prior to the General Bar Date on:

    (a)    the United States Trustee;

    (b)    counsel to each official committee, if any;

    (c)    all persons or entities that have requested notice of the proceedings in these Chapter 11 cases;

    (d)    all persons or entities that have filed claims;

    (e)    all creditors and other known holders of claims as of the date of this Order,

including all persons or entities listed in the Schedules as holding Claims;

(f)    all parties to executory contracts and unexpired leases of the Debtor;

(g)    all parties to litigation with the Debtor;

(h)    the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002, the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

(i)    such additional persons and entities as deemed appropriate by the Debtor; and it is further

**ORDERED,** that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

**ORDERED,** that the Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED,** that entry of this Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

Dated: New York, New York
      May 2, 2024

_s/ David S. Jones_
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE

**General Bar Date: June 10, 2024, at 4:00 pm**
**Government Bar Date: June 28, 2024, at 4:00 pm**

**JACOBS P.C.**
*Attorneys for the Debtor*
*Zigi USA, LLC*
**595 Madison Avenue, 39th Floor**
**New York, New York 10022**
**(212) 229-0476**
**Leo Jacobs, Esq.**
**Robert M. Sasloff, Esq.**
leo@jacobspc.com
robert@jacobspc.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

In re:                                                    Case No.: 23-12102 (DSJ)

**ZIGI USA, LLC**                                          **Chapter 11**
                        **Debtor**
-------------------------------------------------------------------X

### NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM

**TO ALL PERSONS, GOVERNMENTAL UNITS AND OTHER ENTITIES WITH CLAIMS AGAINST THE ABOVE-CAPTIONED DEBTORS:**

The United States Bankruptcy Court for the Southern District of New York has entered an Order establishing **June 10, 2024, at 4:00 p.m. (Prevailing Eastern Time)** (the "General Bar Date") as the deadline for each person or entity (including individuals, partnerships, corporations, joint ventures and trusts, but not governmental units) to file a proof of claim against the Debtor listed above (the "Debtor"). Governmental entities must file a proof of claim against the Debtor by **June 28, 2024, at 4:00 p.m. (Prevailing Eastern Time)** (the "Government Bar Date, together with the General Bar Date, the "Bar Dates").

The Bar Dates and the procedures set forth below for filing proofs of claim

apply to all claims against the Debtor that arose prior to December 31, 2023, the date on which the Debtor commenced its case under Chapter 11 of the United States Bankruptcy Code, except for those holders of the claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement.

### 1.    WHO MUST FILE A PROOF OF CLAIM

**You MUST file a Proof of Claim to vote on a Chapter 11 plan filed by the Debtor or to share in distributions from the Debtor's bankruptcy estate if you have a claim that arose prior to December 31, 2023 (the "Petition Date"), and it is not one of the types of claims described in Section 4 below. Claims based on acts or omissions of the Debtor that occurred before the Petition Date must be filed on or prior to the required Bar Dates, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.**

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2.      **WHAT TO FILE**

Your filed Proof of Claim must conform substantially to Official Form No.

410. Proof of Claim forms may be obtained at

www.uscourts/gov/FormsAndFees/Forms/BankruptcyForms.aspx.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an

individual, by an authorized agent of the claimant. It must be written in English and

be denominated in United States currency. You should attach to your completed proof

of claim any documents on which the claim is based (if voluminous, attach a summary)

or an explanation as to why the documents are not available.

Your proof of claim form shall not contain complete social security numbers

or taxpayer identification numbers (only the last four digits), a complete birth date

(only the year), the name of minor's initials, or a financial account number (only the

last four digits of such financial account).

3.      **WHEN AND WHERE TO FILE**

Attorneys (with full access accounts) and employees of institutional creditors

(with limited access accounts) shall file proof of claim electronically on the Court's

case Management/Electronic Case file ("CM/ECF") system. Entities without access

to the CM/ECF System Except must file or deliver all *original* proofs of claim so as

to be received **on or before June 10, 2024, at 4:00 p.m. (Prevailing Eastern Time)**

at the following address:

**United States Bankruptcy Court, Southern District of New York**
**One Bowling Green**
**New York, NY 10004**

Proofs of claim will be deemed filed only when <u>received</u> by the Bankruptcy Court on or before the General Bar Date. Proofs of claim **may not** be delivered by facsimile, telecopy or electronic mail transmission.

Governmental units may have until **June 28, 2024, at 4:00 p.m. (Prevailing Eastern Time)** to file proofs of claim. Proofs of claim will be deemed filed only when <u>received</u> by the Bankruptcy Court on or before the Government Bar Date. Proofs of claim **may not** be delivered by facsimile, telecopy or electronic mail transmission.

4.      **WHO NEED NOT FILE A PROOF OF CLAIM**

You do **not** need to file a proof of claim on or prior to the Bar Date if you are:

1.      A person or entity that has already filed a proof of claim against the Debtor with the Clerk of the Bankruptcy Court for Southern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

2.      A person or entity whose claim is listed on the Schedules if (i) the claim is <u>not</u> scheduled as "disputed," "contingent," or "unliquidated" <u>and</u> (ii) you do not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

3.      A holder of a claim that has previously been allowed by order of the Court;

4.      A holder of a claim that has been paid in full by the Debtor;

5.      A holder of a claim for which a specific deadline other than the Bar Dates has previously been fixed by this Court; or

6.      A holder of a claim allowable under § 503(b) and § 507(a)(1) of the Bankruptcy Code as an expense of administration of the Debtors'

estates.

If you are a holder of an equity interest in the Debtor, you need not file a proof of interest with respect to the ownership of such equity interest at this time. However, if you assert a claim against the Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, a proof of such claim must be filed on or prior to the General Bar Date pursuant to procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid claim against the Debtor. The fact that you have received this Notice does not mean that you have a claim or that either the Debtor or the Court believes that you have a claim against the Debtor.

5.      **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the Order authorizing such rejection is dated on or before the date of entry of the Bar Date Order, you must file a proof of claim by the Bar Date. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the Order is dated after the date of entry of the Bar Order, must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

6.      **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE BARRED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTOR AND ITS CHAPTER 11 ESTATE, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

**7.      THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules"), which will be filed with the Court within two weeks of the Petition Date.

If you rely on the Debtor's Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtor's Schedules, and if your claim is not described as "disputed," "contingent, "or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtor's Schedules will be available for inspection on the Court's Internet Website, http://www.nyeb.uscourts.gov. A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 A.M. and 4:30 P.M., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, New York, NY 10004. Copies of the Debtors' Schedules may also be obtained by written request to Debtors' counsel at the address and telephone number set forth below.

**A holder of a possible claim against the Debtor should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.**

Dated: New York, New York
     May __, 2024

**JACOBS P.C.**
By:/s/ Robert M. Sasloff
Robert M. Sasloff

*Attorneys for the Debtor*
*Zigi USA, LLC*
*595 Madison Avenue, 39th Floor*
*New York, New York 10022*
*(212) 229-0476*