UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re*<br><br>**ZIGI USA, LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 23-12102 (DSJ) |

**ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) PRELIMINARILY APPROVING THE DISCLOSURE STATEMENT; (II) APPROVING SOLICITATION PROCEDURES ON A FINAL BASIS; (III) SCHEDULING A COMBINED HEARING TO CONSIDER (A) FINAL APPROVAL OF THE DISCLOSURE STATEMENT, AND (B) CONFIRMATION OF THE PLAN OF REORGANIZATION; (IV) ESTABLISHING NOTICE AND OBJECTION PROCEDURES; AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") of the above-captioned debtor and debtor-in-possession (the "Debtor"), for entry of an order (the "**Order**") (i) approving on a preliminary basis the Debtor's disclosure statement (the "Disclosure Statement") contained in the *Amended Combined Disclosure Statement and Chapter 11 Plan of Reorganization of Zigi USA, LLC*, dated June 6, 2025 [Doc. 169] (as amended from time to time, the "Combined Disclosure Statement and Plan"); (ii) approving on a final basis the proposed procedures for the solicitation of votes, voting, and form of ballots (collectively, the "Solicitation Procedures"); (iii) scheduling a combined hearing (the "Joint Hearing") to consider (a) final approval of the Disclosure Statement, and (b) confirmation of the Debtor's plan of reorganization (the "Plan"), which is contained in the Combined Disclosure Statement and Plan; (iv) establishing an objection deadline to object to the adequacy of the Disclosure Statement and/or confirmation of the Plan; (v) approving the form and manner of notice thereof; and (vi) granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of

the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having found that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor,

The Court HEREBY FINDS AS FOLLOWS:

A. On a preliminary basis, the Disclosure Statement complies with the requirements of title 11 of the United States Code (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and contains adequate information as such term is defined in § 1125 of the Bankruptcy Code.

B. Cause exists to reduce the objection notice requirements set forth under Bankruptcy Rule 2002.

C. The Solicitation Procedures proposed in the Motion are fair and reasonable.

Accordingly, after due deliberation, it is HEREBY ORDERED THAT:

1. The Motion is granted as provided herein.

2. The Disclosure Statement is approved on a preliminary basis as containing "adequate information" under § 1125 of the Bankruptcy Code.

3. The Debtor is authorized to (i) make non-material changes to the Disclosure Statement and related documents (including, without limitation, the exhibits to the Combined Disclosure Statement and Plan) and (ii) revise the Disclosure Statement and related documents (including, without limitation, the aforementioned exhibits) to, *inter alia*, add further disclosure concerning events occurring at or after the Hearing prior to distributing it to each person or entity

whose Claim against the Debtor is Impaired and is entitled to vote on the Plan.

4. A hearing to consider final approval of the Disclosure Statement and confirmation of the Plan (the "Joint Hearing") will be held in the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton U.S. Custom House, Room 701, One Bowling Green, New York, New York 10004, on **August 14, 2025 at 10:00 a.m. (prevailing Eastern Time).**

5. Objections or proposed modifications, if any, to the Plan, and objections to final approval of the Disclosure Statement, must (i) be in writing, (ii) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party, (iii) state with particularity the basis and nature of any objection or proposed modification, (iv) comply with the Bankruptcy Rules and the Local Bankruptcy Rules[1] and (v) be filed with the Clerk of the Court, with a copy delivered to Chambers, and served so as to be received by (a) counsel to the Debtor, (b) counsel to the Committee, (c) the United States Trustee, and (d) all parties who have requested notice pursuant to Bankruptcy Rule 2002, no later than **August 7, 2025, at 12:00 p.m. (noon) (prevailing Eastern Time)** (the "Plan and Disclosure Statement Objection Deadline").

6. The Joint Hearing Notice, substantially in the form attached to the Motion as **Exhibit B** is hereby approved.

7. The Unimpaired Creditor Notice to Claim Holders in Class 1, substantially in the form attached to the Motion as **Exhibit C** is hereby approved.

8. The Ballots, substantially in the forms attached to the Motion as **Exhibit D** is hereby approved.

9. The Solicitation Procedures are hereby approved; provided, however, that the Debtor has reserved the right to modify, amend or supplement the Solicitation Procedures.

---

[1] Capitalized terms used but not defined herein shall have the meaning set forth in the Combined Disclosure Statement and Plan.

10. The Debtor shall cause the Joint Hearing Notice to be served on all Holders of Claims and Interests on or before July 3, 2025.

11. On or before July 3, 2025, the Debtor shall cause (i) the Combined Disclosure Statement and Plan and the Joint Hearing Notice to be distributed to all Holders of known unclassified claims; and (ii) the solicitation package to be distributed to all Holders of Claims in Classes 2, 3 and 4 (other than Holders of Disputed Voting Claims).

12. The Debtor is authorized (but not required) to distribute the Combined Disclosure Statement and Plan and this Order in PDF format on a USB key. The Ballots, as well as the Confirmation Hearing Notice and other materials, must be provided in paper format.

13. Consistent with § 1126 of the Bankruptcy Code and Bankruptcy Rule 3017(d), the Solicitation Package will not be distributed to Holders of Claims against or Interests in the Debtor that are placed in a class under the Plan that is deemed to accept or reject the Plan under § 1126 of the Bankruptcy Code.

14. The first day of the Hearing (the "<u>Voting Record Date</u>") is the date for purposes of determining which creditors are entitled to vote on the Plan.

15. Ballots of the Holders of Claims in Classes 2, 3 and 4 shall be delivered by only <u>one</u> of the following methods: (i) by first class mail to: Jacobs, P.C., 717 5th Avenue, Floor 26, New York, NY 10022 (Attn: Aaron Slavutin); or (iii) by electronic mail to aaron@jacobspc.com (please reference "Zigi USA" in the subject line of such email) so as to be received no later than **August 7, 2025 at 12:00 p.m. prevailing Eastern Time** (the "**Voting Deadline**").

16. The Debtor's counsel shall file its declaration regarding the voting results no later than three days prior to the Joint Hearing.

17. With respect to any transferred Claim in a voting Class (other than a Disputed Claim), the transferee shall be entitled to receive the Solicitation Package and vote to accept or

reject the Plan on account of the transferred Claim only if: (i) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date, or (ii) the transferee files, no later than the Voting Record Date, (a) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer of the Claim and (b) a sworn statement of the transferor supporting the validity of the transfer.

18. In the event a Claim is transferred after the transferor has completed a Ballot, the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by the Holder of such transferred Claim.

19. For voting purposes only, and not for the purpose of determining who has an Allowed Claim or who is entitled to receive a distribution under the Plan, the following voting procedures are approved:

   A. The Claim amount for voting purposes shall be the Claim amount contained on a timely filed proof of claim or, if no proof of claim was filed, the non-contingent, liquidated and undisputed claim amount that is listed in the Debtor's schedules of assets and liabilities (the "Schedules").

   B. Ballots cast by creditors who timely file proofs of claim for unknown, undetermined, unliquidated, or contingent amounts, including all Claims based on pending litigations not subject to a judgment against the Debtor, will count for satisfying the numerosity requirement of § 1126(c) of the Bankruptcy Code and will count as Ballots for Claims in the amount of $1.00 solely for the purpose of satisfying the dollar amount provisions of § 1126(c) of the Bankruptcy Code.

   C. If a Claim is partially liquidated and partially unliquidated, such Claim shall be allowed for voting purposes only in the liquidated amount.

   D. If a creditor casts a Ballot and such creditor is an "insider" as that term is defined in § 101(31) of the Bankruptcy Code, such creditor's Ballot shall not be counted.

   E. If a creditor casts a Ballot and is listed on the Schedules as holding a Claim that is contingent, unliquidated or disputed, undetermined in amount, or for $0.00, and has not filed a proof of claim, such creditor's Ballot shall not be counted (for the avoidance of doubt, if a creditor is listed on the Schedules as holding a Claim that is contingent, unliquidated or disputed, undetermined in amount, or for $0.00, and has not filed a proof of claim, such creditor shall not be entitled to vote or receive a Solicitation Package containing a Ballot; provided, however, that a Joint Hearing Notice will be provided to such creditor).

F.  Notwithstanding anything to the contrary set forth in the Order, if a Claim is deemed allowed in accordance with the Plan, an order of the Court or a stipulated agreement between the parties, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth therein.

G.  Notwithstanding anything to the contrary contained in the Order, any creditor who has filed or purchased duplicate Claims within the same voting Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such class, regardless of whether the Debtor has objected to such duplicate Claims.

H.  If a proof of claim has been amended by a later filed proof of claim, the later filed amending claim will be entitled to vote in a manner consistent with the tabulation rules, and the earlier filed amended Claim will not be entitled to vote, regardless of whether the Debtor has objected to such amended Claim.

I.  Claims filed for $0.00 are not entitled to vote.

J.  For purposes of the numerosity <u>and</u> amount requirement of § 1126(c) of the Bankruptcy Code, the following rules apply:

   i.  separate Claims held by a single creditor in a particular Class shall be aggregated (based on the reasonable efforts of the Debtor) as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

   ii.  separate Claims held by a single creditor in a particular voting Class held or filed against the Debtor on account of the same liability will be treated as if such creditor held one Claim in such voting Class, the votes related to such Claims will be treated as a single vote to accept or reject the Plan, only in an amount of one such Claim.

K.  Except as provided below, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtor may reject such Ballot as invalid and, therefore, decline to utilize it in connection with seeking confirmation of the Plan by the Bankruptcy Court.

L.  If a Ballot is signed by trustees, executors, administrators, guardians, attorneys-in-fact, officers of corporations, or others acting in a fiduciary or representative capacity, each such person should indicate such capacity when signing its Ballot and, if so requested by the Debtor, must submit proper evidence satisfactory to the Debtor of its authority to so act.

M.  Any entity that is required to file a proof of claim, but that fails to do so by the applicable bar date is barred, estopped and enjoined from asserting such Claim against the Debtor, or voting upon, or receiving distributions under, any plan in this Chapter 11 Case in respect of such Claim. Thus, no claimants asserting late-

filed Claims shall be entitled to vote to accept or reject the Plan, unless such late-filed Claim has been deemed timely-filed under applicable law by an applicable order of the Bankruptcy Court.

N. Any Holder of a Voting Claim against the Debtor (i) for which the Debtor has filed an objection on or before the Voting Deadline to the extent and in the manner as may be set forth in such objection unless such Claim is subsequently allowed on or before the Voting Deadline, or (ii) who is a defendant in an adversary proceeding where such Claim would be subject to disallowance under § 502(d) of the Bankruptcy Code (such Claims in clauses (i) and (ii) being referred to herein as "<u>Disputed Voting Claims</u>"), shall not be entitled to vote on the Plan and shall not be counted in determining whether the requirements of § 1126 of the Bankruptcy Code have been met. If any Holder of a Disputed Voting Claim disagrees with such voting status (or if a Holder of a Voting Claim disagrees with the classification and/or vote amount provided on its Ballot), then it must file with the Bankruptcy Court and serve upon the undersigned a motion requesting temporary allowance of its Claim for voting purposes only, in accordance with Bankruptcy Rule 3018(a). No later than 2 business days after the filing and service of such motion, the Debtor will send the movant a Solicitation Package (as appropriate), and the movant shall be required to return its Ballot to the Debtor by the Voting Deadline. If the Debtor and the movant cannot resolve consensually the temporary allowance of the Claim subject to the motion, the Debtor will request that the Bankruptcy Court consider the motion at the Confirmation Hearing. The Debtor reserves all rights with respect to the motion and the Claim subject thereto.

O. The allowance of any Voting Claim for voting purposes on the Plan shall not constitute a waiver of any rights of the Debtor to object to such Claim for purposes of allowance or Distribution under the Plan or otherwise.

20. To ensure that its vote is counted, each Holder of a Claim in Classes 2, 3, and 4 must (i) complete a Ballot, (ii) indicate the Holder's decision whether to accept or reject the Plan in the boxes provided in the Ballot, and (iii) sign and return the Ballot, by the Voting Deadline, to the address set forth on the envelope enclosed therewith.

21. The following general voting procedures and standard assumptions shall be used in tabulating Ballots:

A. All votes must be cast either to accept or to reject the Plan and may not be split;

B. Any Ballot that partially rejects and partially accepts, or conditionally accepts the Plan, will not be counted;

C. A properly executed Ballot that either (i) indicates both an acceptance and rejection of the Plan or (ii) fails to indicate an acceptance or rejection of the Plan

will not be counted;

D. Except as the Debtor may otherwise agree in its discretion, a Ballot may be submitted by only one of the following methods: (a) in the provided postage prepaid envelope, (b) via electronic mail, or (c) by first class mail, overnight courier, or hand delivery;

E. Only properly executed and signed Ballots that are timely received will be counted, and Ballots not containing a signature will not be counted;

F. Whenever more than one Ballot voting the same claim is received prior to the Voting Deadline, only the latest properly completed Ballot received prior to the Voting Deadline will be counted and deemed to supersede any prior received Ballot;

G. If a creditor simultaneously casts inconsistent Ballots, such Ballots shall not be counted;

H. The Debtor further proposes, without further order of the Court, that any Holder of a Claim entitled to vote that has delivered a valid Ballot may withdraw such Ballot solely in accordance with Bankruptcy Rule 3018(a);

I. Any Ballot that is illegible or contains insufficient information to permit identification of the Claim or Interest Holder may not be counted;

J. Any Ballot cast by a person or entity that does not hold a Claim in a voting Class will not be counted;

K. Subject to any order of the Court to the contrary, the Debtor, in its sole discretion, reserve the right to waive any defect in any Ballot at any time, whether before or after the Voting Deadline, and without notice; and

L. None of the Debtor or any other person or entity will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

22. The Debtor is authorized and empowered to take all actions and execute such other documents as may be necessary to implement the relief granted herein.

23. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
      June 30, 2025             *s/ David S. Jones*
                       Honorable David S. Jones
                       United States Bankruptcy Judge